IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NITA MARTIN**                                                                                     **PLAINTIFF**

vs.                                                                      CIVIL ACTION NO. 3:05-cv-303WS

**LESLIE'S POOLMART, INC.,**
**PPG INDUSTRIES, INC., AND ABC**                                           **DEFENDANTS**

## ORDER DENYING REMAND

Before this court is plaintiff NITA MARTIN's motion to remand **[docket # 23]**, and motion request for extension of deadlines **[docket # 19]**, as well as defendant PPG INDUSTRIES, INC.'s [hereinafter PPG] motion to compel plaintiff's answers to interrogatories **[docket # 21]**.  The court, on May 10, 2006, heard oral argument from the parties on the above motions.

### Facts and Procedural Background

This products liability case originally was filed in the Circuit Court of Smith County, Mississippi.  Plaintiff alleges that she suffered injury from the explosion of a pool cleaning product manufactured and distributed by PPG.  Defendants timely removed this lawsuit from state court to this federal forum on May 13, 2005, asserting subject matter jurisdiction under Title 28 U.S.C. 1332[1] diversity jurisdiction.  On August 23, 2005, this court granted defendant LESLIE'S POOLMART, INC.'s motion to dismiss, thereby terminating its role in this case.

---

[1] Title 28 U.S.C. § 1332(a) provides the district court with subject matter jurisdiction over "all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states."

The assigned Magistrate Judge, Alfred Nichols, entered a scheduling order on August 15, 2005.  PPG thereafter filed notice of service of interrogatories and requests for production on August 29, 2005.  To date, plaintiff has not answered these requests.

On November 08, 2005, after the deadline for designation of experts had passed, plaintiff's counsel filed a motion for an extension of time **[docket # 19]**.  On November 18, 2005, PPG filed a motion to compel answers **[docket # 21]**.  On November 22, 2005, six months after removal, plaintiff for the first time raised a jurisdictional challenge and filed this motion to remand **[docket # 23]**.  The parties agree that diversity of citizenship exists, but plaintiff now contends that this lawsuit does not feature the requisite amount in controversy.

## **Law and Analysis**

### *Removal and Remand*

Federal courts are courts of limited jurisdiction.  A defendant seeking to remove a case to federal court bears the heavy burden of establishing that subject matter jurisdiction of the district court is proper under the requirements of Title 28 U.S.C. §1441(a).[2]  *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Removal statutes are to be construed strictly, with "all doubts and ambiguities to be resolved against a finding of proper removal."  *Sexton v. Capitol One Bank*, 392 F. Supp. 2d 772 (S.D. Miss. 2005) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

---

[2]Title 28 U.S.C. 1441(a) permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be removed by the defendant to the district court "embracing the place where such action is pending."

If the removing defendant fails to meet this burden, the district court must remand the action to state court pursuant to § 1447(c).[3] *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993).

The original complaint, filed in Smith County Circuit Court, asserted damages in the amount of $74,975.00; however, the copy served upon defendants left blank the amount. An amended complaint, filed on April 10, 2005, asserted damages in "an amount which will fully compensate the Plaintiff for all of the damages" without setting forth a specific dollar amount.

Defendants removed to federal court subsequent to the filing of the amended complaint, asserting that the parties were diverse and that damages would exceed $75,000.00. Diversity between the parties is not disputed; only whether requisite damages are sought.

Where damages are not specified, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *White v. F.C.I., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Once this burden is met, removal is proper unless plaintiff can show to a legal certainty that recovery will not exceed the amount stated. *Id.* at 676.

PPG's evidence, that plaintiff's damages here will exceed $75,000, exclusive of costs and interest, includes itemized claims for property damage and personal injury totaling in excess of $51,000.00. Since plaintiff's complaint further asserts that she suffered permanent disfigurement and disability and will continue to incur future

---

[3]Title 28 U.S.C. 1447( c) requires that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . ."

damages and to require further medical care, PPG says it has met its burden to establish by a preponderance of the evidence that the requisite amount in controversy has been met.

Additionally, PPG points to a settlement letter from plaintiff's counsel, Eugene C. Tullos, to eventual co-defendant Leslie's Poolmart, Inc. In said letter, Tullos made a settlement demand in the sum of $425,000.00.

Moreover, PPG points to the procedural context in which this motion is made, and the timing of said motion. Defendants removed this action from state court to this federal forum on May 13, 2005. Not until November 22, 2005, did plaintiff file her motion to remand. During this period, plaintiff voiced no objections to this court's jurisdiction, even though the court, without objection, dismissed a party defendant and crafted a scheduling order. Plaintiff has not complied with the strictures of that scheduling order. Most notably, plaintiff has missed the deadline for designating any expert witnesses. PPG submits that the timing of plaintiff's motion to remand was dictated by the distress of plaintiff's newly-added counsel, Attorney Joseph Roberts, who, until recently, had seen Attorney Eugene Tullos take the lead in presenting this lawsuit.

This court is persuaded that PPG has met its burden. The nature of this lawsuit, the monetary claims involved and the timing of plaintiff's motion all show that the amount in controversy here exceeds the sum of $75,000, exclusive of costs and interest.

So, in light of the above, the burden then shifts to the plaintiff to show to a legal certainty that the recovery will not exceed the amount stated. Plaintiff attached to her

motion for remand three affidavits, two from counsel and one from the plaintiff herself, avowing that damages in excess of $75,000.00 had not and never would be sought. The Fifth Circuit has found the use of affidavits to support remand only where the following narrow circumstances exist:  1) the complaint neither specified damages, nor made it facially apparent that damages were in excess of the jurisdictional minimum;  2) defendants offer only a conclusory statement in their notice of removal;  and 3) plaintiffs timely contest removal with a sworn, unrebutted affidavit showing that the amount in controversy requirement is not met.  *Asociacion Nacional de Pesadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, "ANPAC", 988 F.2d 559 (5th Cir. 1993); *see also Marcel v. Pool Co.,* 5 F.3d 81 (5th Cir. 1993) (remand denied, *ANPAC* criteria applied to find requisite damages facially apparent and defendants presented sufficient evidence of damages to rebut affidavit); *De Aquilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993) (remand denied, under *ANPAC* factors defendants rebutted affidavits with evidence to show damages likely exceeded the jurisdictional minimum);  *but see Heinhuis v. Wilkes*, 2002 WL 1610963 (E.D. La.) (remand granted;  like *ANPAC*, the jurisdictional amount was not facially apparent, the removal petition was conclusory, and plaintiff's affidavits were unrebutted).

    In *Kraft*, this court held that a post-removal affidavit that declared plaintiff would not *seek* an amount in excess of $75,000.00, but did not stipulate that she would not *accept* a greater amount had failed to establish to a legal certainty that recovery would be less than the jurisdictional minimum.  *Kraft v. First Family Financial Services*, 2003 WL 1801038 at *2.  The affidavits in the present case do not declare that plaintiff will

5

not accept damages in excess of $75,000.00.  PPG contends this is a fatal flaw within the affidavits.

The court finds that under prior jurisprudence the affidavits are insufficient to support remand.  Although no specific amount is stated in the *ad damnum* clause, plaintiffs have alleged serious injuries, defendants have presented credible evidence to establish that damages are likely to exceed the requisite jurisdictional minimum, and plaintiff's affidavits are rebutted.  Accordingly, this court finds by a preponderance of the evidence that this lawsuit features an amount in controversy in excess of $75,000, exclusive of costs and interest.

## Motion to Compel

PPG served the plaintiff with interrogatories and requests for production on August 29, 2005, in accordance with Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.[4]  Plaintiff neither responded to the written discovery nor filed objections and PPG followed with letters to plaintiff on September 30, 2005, and again on November 07, 2005, requesting overdue answers.  Plaintiff did not respond to the letters.  PPG now seeks an order of the court pursuant to Federal Rule of Civil Procedure 37(a)[5] requiring plaintiff to respond immediately to the written discovery and to pay the costs

---

[4] Federal Rule of Civil Procedure 26 sets forth the general provisions governing discovery.  Rules 33 (interrogatories) and 34 (requests for production) both require that the party served must serve a written response within thirty days after service of the request.

[5] Federal Rule of Civil Procedure 37(a) permits a party who has provided reasonable notice to affected parties to request an order compelling discovery.  The motion must include certification that the movant made a good faith effort to confer and to obtain the requested discovery.  After providing the non-movant an opportunity to be heard and if the motion is granted, the court may require payment of the movant's reasonable costs in obtaining the order.

incurred in obtaining this Order.  PPG has sought in good faith to obtain the requested discovery, and plaintiff has failed to respond as required by Rules 33 and 34.  Under these facts, the court is persuaded to issue an order compelling immediate answer and awarding reasonable costs incurred by plaintiff in seeking this order.

### Motion to Extend Deadlines

Plaintiff concedes that the deadline for designation of experts expired prior to the filing of this motion.  Plaintiff's attorney also acknowledged that he knew of no valid reason why co-counsel had failed to designate timely.  The court is not persuaded that these circumstances merit an extension of the deadlines.

### Holding

Defendant's Motion for Remand is **DENIED**.  Defendant's Motion to Extend Deadlines is likewise **DENIED**.  Plaintiff's Motion to Compel Plaintiff's Answers is **GRANTED**, with plaintiff ordered to pay costs.  Counsel for defendant is directed to submit a Cost Bill within ten (10) days of the date of this order.

**SO ORDERED**, this the 18th day of May, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:05-cv-303WS
Order